**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| ARAM HAMBARDZUMYAN, | ) | No. CV 17-1595-MWF (PLA) |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE WHY PETITION** |
| v. | ) | **SHOULD NOT BE DISMISSED** |
| | ) | |
| MR. McDONALD, Mayor of Los Angeles County Jail, | ) | |
| Respondent. | ) | |

On February 16, 2017, Aram Hambardzumyan ("petitioner") filed with this Court pages 1 and 8 of a form Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), along with two attachments.[1]

**A.    THE PETITION FAILS TO STATE A CLAIM**

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody pursuant to a state court judgment and in violation of the Constitution or laws or

---

[1]    Although petitioner references a previous "Habeas Corpus § 1983 civil suit" he "placed in [the Court's] care about a year ago," the Court has no record of any other action previously filed by petitioner.  (Id.).

1  treaties of the United States.   See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116

2  L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether

3  a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455

4  U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus,

5  of course, reaches only convictions obtained in violation of some provision of the United States

6  Constitution."). Rule 2 of the Rules Governing Section 2254 Cases in the United States District

7  Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well

8  as the facts supporting each ground.  Habeas Rule 2(c).  A petitioner is required to set forth a

9  "detailed statement" explaining his habeas claims.  See Mayle v. Felix, 545 U.S. 644, 649, 125 S.

10 Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a  . . . detailed statement.

11 The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and

12 to 'state the facts supporting each ground.'").

13        Here, although not entirely clear, petitioner appears to be a pre-trial detainee incarcerated

14 at the Los Angeles County Jail, awaiting his state court trial.  (See Pet. Attach. A at 1).  Indeed,

15 petitioner states that he has not yet been prosecuted or sentenced and that he is being sent by

16 the state court judge to Patton State Hospital for mental health evaluation.  (Id.).  In Attachment

17 A to the Petition, addressed to the Clerk of the Court, petitioner also states that he does not know

18 whether he is being scheduled for a competency trial or "even a regular trial" in his state court

19 proceedings. (Pet. Attach. A at 2).  He notes that during a state court hearing, the judge found him

20 in contempt of court when he stopped talking to her because he could not answer her questions.

21 (Id.).  He generally submits that the state court judge's actions violate his Sixth Amendment rights

22 and discriminate against him by placing a "bearing of [his] mental illness in legal affair." (Id.).  He

23 also makes a vague reference to his counsel's assistance.  (Pet. Attach. A at 1).

24 /

25 /

26 /

27 /

28

Because petitioner fails to specify separately and concisely each claim he seeks to raise herein against respondent, petitioner presents no cognizable federal claim -- either in the incomplete Petition itself or in the attachments to the Petition.  In short, the Court is unable to discern what federal constitutional claim(s) (if any) petitioner is alleging, or even whether he is entitled to federal habeas relief at this stage of his state court proceedings.

**B.    THE <u>YOUNGER</u> ABSTENTION DOCTRINE**

Because petitioner's state court criminal proceedings appear to be ongoing and  there has been no state court judgment, the <u>Younger</u>[2] abstention doctrine is implicated.  <u>Younger</u> abstention is appropriate when:  (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.  <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); <u>Baffert v. Cal. Horse Racing Bd.</u>, 332 F.3d 613, 617 (9th Cir. 2003).  Here, because it appears that the state appellate courts have not yet had the opportunity to examine the merits of petitioner's constitutional claims, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. <u>Younger</u>, 401 U.S. at 46; <u>see</u> <u>also</u> <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,</u> 546 F.3d 1087, 1092 (9th Cir. 2008).  Petitioner has not demonstrated that extraordinary circumstances or any recognized exception to the <u>Younger</u> doctrine are present or applicable in this case.

Thus, even if petitioner's claims were clear -- which, as discussed above, they are not -- because the state court proceedings are still ongoing it appears that this Court lacks jurisdiction to consider the Petition.

/

/

/

---

[2]   <u>Younger v. Harris</u>, 401 U.S. 37, 46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

## C.    OTHER DEFICIENCIES

As petitioner admits in a letter attached to his Petition addressed to the "Pro se Clerk and Court," the Petition is not complete and petitioner did not include form pages 2 through 7, which petitioner contends do not pertain to him because he has "not been sentenced or convicted yet." (Pet. Attach. B at 2).  He notes that although he has read the Georgetown Law Review, he still does not "know how to explain to [the] Court . . . what [he is] entitled to," but seems to think there has been some sort of due process violation during his state court proceedings.  (Id.).

Local Rule 83-16.1 requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court."  Habeas forms are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid petitioner to present the relevant information regarding his habeas claim(s) in a "simple, concise, and direct" manner, as required by Rule 8(d) of the Federal Rules of Civil Procedure.  As previously discussed, in failing to submit a full and complete habeas form, petitioner failed to specify separately and concisely each claim he seeks to raise herein against the named respondent.  See also Local Rule 83-16.1.

Additionally, by omitting pages 2 through 8 of the form petition, petitioner failed to indicate if he has exhausted any alleged claims.  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).  Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, because petitioner did not include pages 2 through 7 of the form Petition, he has failed to demonstrate that he has exhausted available state remedies with respect to any potential habeas claims.

**D.    ORDER**

Based on the foregoing, **on or before March 27, 2017**, petitioner is ordered to show cause why this action should not be dismissed for failure to state a claim, and/or as barred by the Younger abstention doctrine, and/or as unexhausted.  To avoid dismissal, **on or before March 27, 2017**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254 at this time, and must also demonstrate that he has a claim (or claims) upon which habeas relief may be granted by indicating (1) the state court judgment pursuant to which he is bringing his claims, including petitioner's arguments, if any, as to why the Younger abstention doctrine does not apply; (2) the specific ground(s) for relief and supporting facts on which he seeks habeas relief; and (3) whether he has exhausted his claim(s) in the state courts, as well as any reason for delay in bringing his claim(s).

The filing by petitioner of a First Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- **on or before March 27, 2017**, shall be deemed

compliance with this Order.  An amended petition should reflect the same case number (CV 17-1595-MWF (PLA)), be clearly labeled "First Amended Petition," and be filled out completely.  In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each claim.  If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should clearly correspond to the grounds for relief listed in ¶ 8(a) and/or ¶ 8(b) of the habeas petition form and not include any additional claims.  The Court Clerk is directed to send petitioner a blank copy the Central District's form Petition for Writ of Habeas Corpus by a Person in State Custody.

Alternatively, if petitioner agrees that the action should be dismissed without prejudice for failure to state a claim, as unexhausted, and/or pursuant to the Younger abstention doctrine, or for any other reason, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not yet appeared in this action.  The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Finally, petitioner is cautioned that his failure to timely respond to this Order will result in a recommendation that the action be dismissed without prejudice as premature, for failure to state a claim, as unexhausted, as barred by the Younger abstention doctrine, for failure to prosecute, and/or for failure to follow court orders**.

DATED:  March 6, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE